#### No. 290
No. 18601—Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. McKenzie Lumber Co. Error to the Court of Appeals of Delaware county.

**209. CARRIERS—1. Final Carrier, who seeks to collect certain freight and demurrage charges having accrued to successive carriers**

## OHIO SUPREME COURT—Continued.

on interstate f. o. b. shipped merchandise, without knowledge of the consignee, who paid the vendor for the goods under instructions from such carrier, who has made no claim against the said consignee for over five years, is estopped from making collection against said consignee.

2. Consignee, as a matter of law, not chargeable with knowledge that charges have accrued to different carriers on interstate place to place shipments.

3. Under interstate commerce act, liability of unloading consignee on f. o. b. at delivery merchandise, for transportation charges, is secondary only, and he is not required to insure against loss by such charges.

MARSHALL, C. J.

1. Where a purchaser of merchandise which at the time of purchase is located at a place in a state other than that of the place of delivery, and by the terms of purchase such merchandise is to be delivered f. o. b. at the place of delivery, and the merchandise has prior to the time of purchase been shipped from place to place by common carriers, and demurrage charges have accrued, none of which has been paid, and all of which have been made to follow the merchandise in the hands of successive carriers, none of which facts is known to the purchaser, and nothing has occurred to put such purchaser upon inquiry, and without notice or knowledge thereof the purchaser being at the time upon the credit list of the final carrier receives and unloads the merchandise before being presented with a bill of freight and demurrage charges, and where such purchaser thereupon tenders the full value of the merchandise to the final carrier in either full or partial payment of such freight and demurrage charges, and such payment is refused, and the purchaser and consignee of the merchandise is instructed to pay the value of the merchandise to the person from whom he purchased it, and where such consignee thereupon actually pays the value of the merchandise to the vendor and consignor, and where the carrier thereafter seeks by legal process to recover such freight and demurrage charges from the vendors and consignors, and makes no further claim against the consignee until a period of five years and four months thereafter, the carrier will be estopped from demanding and collecting any part of such freight and demurrage charges from such consignee.

2. The consignee of merchandise in interstate shipments is chargeable with knowledge of the amount chargeable in accordance with the tariff schedules on file from point of shipment to point of delivery, but is not chargeable as a matter of law with knowledge that the same merchandise has been prior to the purchase shipped from place to place by different carriers for different shippers, and is not chargeable as matter of law with knowledge that the car containing the same has been kept out of service at intermediate points resulting in demurrage charges.

3. In interstate shipments of merchandise under the interstate commerce act, where the contract between the carrier and consignee requires merchandise to be delivered f. o. b. at the place of delivery, the primary liability for transportation charges rests upon the con-

signor, and, while a secondary liability rests upon the consignee who accepts and unloads the merchandise, and where no actual discrimination or preference is attempted no considerations of public policy require that the consignee should insure the carrier against loss of transportation charges.

Judgment affirmed.

Allen, Kinkade and Robinson, JJ., concur. Matthias, J., dissents.